Dear Mr. Deon:
Your recent opinion request prompts our review of the Dual Officeholding and Dual Employment laws of this state, LSA-R.S. 42:61,et. seq., as you ask:
May an elected school board member also serve as a jury commissioner?
The Dual Officeholding and Dual Employment laws cited above govern the legality of the concurrent holding of certain positions. The prohibitions pertinent here are specified in the language of LSA-R.S. 42:63(D), which provides:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. In addition no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court.
A member of the jury commission holds a part-time "appointive office" as defined in LSA-R.S. 42:62(2).[1] The position is created pursuant to LSA-C.Cr.P. Art. 404 and members are appointed by the district court:
 . . . .In other parishes, the jury commission shall consist of the clerk of court or a deputy clerk designated by him in writing to act in his stead in all matters affecting the jury commission, and four other persons appointed by written order of the district court, who shall serve at the court's pleasure. LSA-C.Cr.P. Art. 404(A)(2).; see also LSA-C.Cr.P. Art. 404.1 and R.S. 13:3043.
The office of school board member is an elected office in a local political subdivision. See R.S. 42:62(9).[2] A person may hold the local elective office of school board member and the part-time appointive office of jury commissioner without violating R.S. 42:63(D) quoted above.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ________________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Released: May 8, 2003
 Kerry L. Kilpatrick Assistant Attorney General
[1] "Appointive office" is defined in R.S. 42:62(2) as:
". . . . any office in any branch of government or other position on an agency, board, or commission or any executive office of any agency, board, commission, or department which is specifically established or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed public official or by a governmental body composed of such officials of this state or of a political subdivision thereof." LSA-R.S. 42:62(2).
"Full time" is defined as at least seven hours per day of work and at least thirty-five hours per week of work. LSA-R.S. 42:62(4). "Part time" means less than the number of hours of work defined as full time. LSA-R.S. 42:62(5).
[2] R.S. 42:62(9) provides:
(9) "Political subdivision" means a parish, municipality, and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions. In addition for the purposes of this Part, mayor's courts, justice of the peace courts, district attorneys, sheriffs, clerks of court, coroners, tax assessors, registrars of voters, and all other elected parochial officials shall be separate political subdivisions.